**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Inc., ) | No. CV 11-2229-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Jose Rubio Vargas, individually and d/b/a) | |
| Tacos El Grullo, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Pending before the Court is Plaintiff J & J Sports Productions, Inc.'s Motion to Strike Defendant's Affirmative Defenses (Doc. 14). The Court now rules on the motion.

**I.   BACKGROUND**

The Court briefly recounts the facts as stated in Plaintiff's Complaint. Plaintiff was granted the exclusive nationwide commercial distribution rights to "*'Firepower': Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program*," telecast nationwide on Saturday, November 14, 2009 (hereinafter the "Program"). Doc. 1 at ¶ 9. These rights included all under-card bouts and fight commentary, in addition to the main event, encompassed in the television broadcast of the Program. *Id.* Pursuant to contract, Plaintiff entered into sublicensing agreements with various commercial establishments to permit the public exhibition of the Program. *Id.* at ¶ 10. Plaintiff alleges that Defendant Jose

Rubio Vargas, individually and doing business as "Tacos El Grullo," unlawfully intercepted and exhibited the Program at his establishment in Mesa, Arizona. *Id.* at ¶ 12. Plaintiff then filed the Complaint in this Court on November 10, 2011, alleging violations of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 605 *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992 ("Cable Act of 1992"), 47 U.S.C. § 553 *et seq.*, as well as conversion under Arizona law. *Id.* at ¶¶ 14, 19 & 23.

Defendant, appearing *pro se*, filed an Answer on January 24, 2012 (Doc. 12), in which he stated the following under the heading "Affirmative Defenses:"

> Defendant hereby places Plaintiffs [sic] on notice that they [sic] may raise the following affirmative defenses which, through subsequent discovery, may be supported by the facts: failure to satisfy conditions precedent; failure to state a claim upon which relief may be granted; laches; waiver; estoppel; statute of limitations; set-off; breach of contract; failure to mitigate damages; unclean hands; scenes a faire doctrine; fair use; First Amendment of the U.S. Constitution; any other matter constituting an avoidance and all other affirmative defenses required to be listed pursuant to Federal Rule of Civil Procedure 8(c)(1).

Doc. 12 at 3. Plaintiff now moves to strike all of Defendant's alleged affirmative defenses. Defendant did not file a response to the motion.

## II.   LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions under Rule 12(f) "are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Rosales v. Citibank, Federal Savings Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). Thus, these motions are "looked on with disfavor because of the tendency for such motions to be asserted for dilatory purposes." *State of Cal. ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). "Accordingly, a Rule 12(f) movant not only must demonstrate the allegedly offending material is redundant, immaterial, impertinent, or scandalous, or constitutes an insufficient defense, but must also show how such material will cause prejudice." *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998, at *2 (D. Ariz. Aug. 4, 2009).

Furthermore, "[t]he decision to strike a pleading is within the discretion of the trial court." *Id.* When considering a motion to strike, however, a court must view the challenged pleadings "in the light most favorable to the non-moving party, and resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party." *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1184 (C.D. Cal. 2006) (citing *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)). Finally, though *pro se* litigants must still adhere to the rules of procedure, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), courts hold *pro se* pleading "to less stringent standards than formal pleadings drafted by lawyers." *J & J Sports Prods., Inc. v. Khachatrian*, No. CV-10-1567-GMS-PHX, 2011 WL 720049, at *1 (D. Ariz. Feb. 23, 2011) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## III. ANALYSIS

Here, Plaintiff has failed to show that the affirmative defenses in Defendant's Answer will cause prejudice. Rather, Plaintiff merely alleges that "Plaintiff has already been compelled to expend time and resources litigating irrelevant issues [and] that requiring such further litigation would further prejudice Plaintiff." Doc. 14 at 10. Plaintiff, however, fails to identify which "irrelevant issues" it has already litigated or to explain the "time and resources" it has expended on such litigation. Thus, in light of the general disfavor with which motions to strike are viewed, the Court does not find Plaintiff's conclusory statements sufficient to demonstrate that Plaintiff is at all prejudiced by Defendant's affirmative defenses.

Moreover, Plaintiff's arguments that Defendant's affirmative defenses are insufficient, immaterial, impertinent, or fail to give fair notice suffer from similar deficiencies.[1] That is,

---

[1] Plaintiff argues that Defendant's affirmative defenses are insufficient because they fail to meet the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, the Court is hesitant to apply the *Twombly* standard to test the sufficiency of Defendant's pleading of his affirmative defenses. In refusing to apply the *Twombly* standard to a party's pleading of its affirmative defenses, another court in this district stated the following:

The pleading of affirmative defenses is governed by Rule 8(c). That rule

- 3 -

the conclusory nature of Plaintiff's arguments fail to demonstrate that Defendant's affirmative defenses could have "no possible bearing on the subject matter of the litigation." *See Rosales*, 133 F. Supp. 2d at 1180. Though the Court acknowledges that some of Defendant's affirmative defenses may not be typical defenses to Plaintiff's claims, the Court does not find that striking any of these affirmative defenses is appropriate at this time. Rather, any further inquiries the Plaintiff wishes to make into the specific nature of any of these affirmative defenses can be handled through routine discovery practices with minimal effort or expense. The Court therefore will deny Plaintiff's motion to strike Defendant's affirmative defenses.

Finally, Defendant includes the following language under the "Affirmative Defenses" section of his Answer: "any other matter constituting an avoidance and all other affirmative defenses required to be listed pursuant to Federal Rule of Civil Procedure 8(c)(1)." Doc. 12 at 3. Plaintiff argues that Defendant has improperly attempted to reserve a right to supplement his Answer. Indeed, such a reservation to add future defenses is improper. However, the Court does not find it necessary to strike this language from the Answer. Rather, the Court will remind the parties that any supplements or amendments to pleadings must comply with Rule 15 of the Federal Rules of Civil Procedure.

///

///

///

---

requires only that a party "affirmatively *state* any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1) (emphasis added). It does not contain the language from Rule 8(a) requiring a "short and plain statement of the claim *showing* the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2) (emphasis added). Nor does it include the "short and plain terms" language found in Rule 8(b). Fed. R. Civ. P. 8(b)(1)(A).

*Ameristar Fence Prods., Inc. v. Phoenix Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 203907, at *1 (D. Ariz. July 15, 2010). Thus, like the *Ameristar Fence* court, this Court "will leave any extension of *Twombly* to the Supreme Court or this Circuit." *Id.*

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. 14).

DATED this 17th day of July, 2012.

_____
James A. Teilborg
United States District Judge