WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J&J Sports Productions, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Jose Rubio Vargas, individually, and d/b/a Tacos El Grullo,<br><br>Defendant. | No. CV-11-02229-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. 19). Defendant has not filed a response to the Motion. The Court now rules on the Motion.

**I.     BACKGROUND**

On November 11, 2011, Plaintiff filed a Complaint against Defendant in this Court. In its Complaint, Plaintiff alleges that it was granted the exclusive nationwide commercial distribution rights to "'*Firepower': Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program*," telecast nationwide on Saturday, November 14, 2009 (hereinafter the "Program"). (Doc. 1 at ¶ 9). Plaintiff further alleges that these rights included all under-card bouts and fight commentary, in addition to the main event, encompassed in the television broadcast of the Program. (*Id.*). Plaintiff alleges that, pursuant to contract, Plaintiff entered into sublicensing agreements with various commercial establishments to permit the public exhibition of the Program. (*Id.* at ¶ 10). Plaintiff alleges that Defendant Jose Rubio Vargas, individually and doing

business as "Tacos El Grullo," unlawfully intercepted and exhibited the Program at his establishment in Mesa, Arizona. *Id.* at ¶ 12.

In its Complaint, Plaintiff alleges violations of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 605 *et seq.,* and the Cable & Television Consumer Protection and Competition Act of 1992 ("Cable Act of 1992"), 47 U.S.C. § 553 *et seq.,* as well as conversion under Arizona law. *Id.* at ¶¶ 14, 19 & 23. Defendant filed an answer on January 24, 2012. The discovery deadline was November 9, 2012. (Doc. 17). On December 7, 2012, Plaintiff filed the pending Motion for Summary Judgment.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1)(A)&(B). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'"

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963) (amended 2010)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

### III. ANALYSIS

#### A. Violations of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 605 and the Cable Act of 1992, 47 U.S.C. § 553

Plaintiff seeks summary judgment on its claims pursuant to 47 U.S.C. section 605 and 47 U.S.C. section 553.

"[T]o be held liable for a violation of [47 U.S.C. § 605], a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV,* 644 F.2d 820, 826 (9th Cir. 1981). Section 605 applies to satellite television signals. *DirecTV, Inc. v. Webb,* 545 F.3d 837, 844 (9th Cir. 2008).

47 U.S.C. section 553 prohibits any person from intercepting, receiving, or assisting in the intercepting or receiving of any communications "offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553.

Plaintiff concedes that it cannot recover damages under both statutes and requests that liability be found under 47 U.S.C. section 605 as the Program was broadcast via closed circuit television. (Doc. 19 at 5). Accordingly, the Court limits it analysis to whether there is a genuine disputed issue of material fact with regard to Defendant's alleged violation of 47 U.S.C. section 605.

Plaintiff has presented evidence of the following:

Plaintiff had the exclusive nationwide distribution rights to the Program and any

1  commercial establishment in the country that wished to distribute the Program was
2  obligated to contract with Plaintiff.  (Doc. 19-4 at ¶ 3, 8).  Plaintiff's distribution rights
3  encompassed all undercard events as well as the main event.  (*Id.* at ¶ 7).  Without
4  authorization of Plaintiff, Defendant unlawfully intercepted and exhibited the Program at
5  his commercial establishment, Tacos El Grullo. (*Id.* at ¶ 7; Doc. 19-3 at 2-3).

6        As such, Plaintiff has met its initial burden of pointing out to the Court the basis
7  for the motion for summary judgment on the 605 claim and the elements of the 605
8  claim.  Defendant has not responded and, thus, has not established the existence of a
9  disputed material fact.  Accordingly, Plaintiff is entitled to summary judgment on its
10 section 605 claim.

11       As a result of this violation, Plaintiff requests the maximum statutory award of
12 $10,000 and enhanced statutory damages in the amount of $100,000.

13       Statutory damages are appropriate when actual damages cannot be easily proven.
14 *J & J Sports Productions, Inc. v. Canedo,* No. C 09-01488 PJH, 2009 WL 4572740, *5
15 (N.D. Cal. 2009). "Under § 605(e)(3)(C)(i)(II), an aggrieved party may recover 'a sum
16 not less than $1,000 or more than $10,000, as the court considers just' for each
17 violation."  *J & J Sports Productions Inc. v. Miramontes,* No. CV-10-02345-PHX-FJM,
18 2011 WL 892350, * 2 (D. Ariz. March 14, 2011) (internal citation omitted). Further,
19 "[a]n award of damages should deter future conduct but not destroy the business."  *Id.*
20 (quoting *Kingvision Pay–Per–View v. Lake Alice Bar,* 168 F.3d 347, 360 (9th Cir.
21 2009)).

22      In awarding statutory damages, courts in this district have considered factors such
23 as the maximum capacity of the commercial establishment, the total number of patrons
24 present at the time of the unauthorized showing, and the amount defendant would have
25 paid if it had purchased the rights to show the broadcast. *See*, *e.g.*, *id.*

26      In this case, Plaintiff has presented evidence that the Program was broadcast on
27 five televisions to between 125-130 patrons, and the capacity of Tacos el Grullo was
28

approximately 150 patrons.[1] Based on the size of the establishment and number of patrons present, the Court finds a $4,000 penalty to be appropriate and will award $4,000 under § 605(e)(3)(C)(i)(II).

Further, "[e]nhanced damages are awarded upon a showing that defendant acted willfully and for the purpose of direct or indirect commercial advantage or private financial gain. Under § 605(e)(3)(C)(ii), the court may award up to $100,000 . . ." *Miramontes,* 2011 WL 892350, *2. In deciding whether to award enhanced damages,

> Courts generally consider factors such as repeat violations, substantial unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges, or charging premium menu and drink prices. *See Kingvision Pay–Per–View v. Gutierrez,* 544 F.Supp.2d 1179, 1185 (D. Colo. 2008). Some courts find the mere unauthorized showing of a program sufficient to award enhanced damages because given the low probability of accidentally showing it, it must have been done willfully and for profit. *See Entertainment By J & J, Inc. v. Al–Waha Enter., Inc.,* 219 F.Supp.2d 769, 776 (S.D. Tex. 2002).

*Id.*

Here, there is no evidence of repeat violations, substantial unlawful monetary gains, advertising, cover charges, or premium drink or menu prices. Plaintiff alleged that Defendant's showing of the fight was willful and that allegation is accepted as true because Defendant did not respond to the motion for summary judgment with any evidence suggesting that it was not willful. *See J & J Sports Productions, Inc. v. Marcaida,* No. 10-5125 SC, 2011 WL 2149923, at *2 (N.D. Cal. May 31, 2011) (noting that it is extremely unlikely that the signal to display the fight is acquired inadvertently and, thus, without evidence of the absence of willfulness, the Court can assume that Defendant acted willfully and for the purposes of commercial advantage warranting

---

[1] Because the Court awards Plaintiff actual damages with regard to its conversion claim, the Court has not taken the actual damages incurred by Plaintiff into account when determining statutory damages to avoid duplicative recovery.

enhanced damages). Because Plaintiff has not shown other aggravating factors, the Court finds that $10,000.00 in enhanced damages to be appropriate. *See Joe Hand Promotions, Inc. v. Coen*, No. CV 11-2531-PHX-JAT, 2012 WL 2919710, *2 (D. Ariz. July 17, 2012) (awarding $10,000 in enhanced damages for deterrence purposes).

### B. Conversion under Arizona Law

Plaintiff also requests summary judgment on its conversion claim. "Conversion is any act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with his rights therein." *Scott v. Allstate Ins. Co.*, 553 P.2d 1221, 1225 (Ariz. Ct. App. 1976). Under Arizona law, "the measure of conversion damages includes not only the value of the property taken, but also other damage suffered because of the wrongful detention or deprivation of the property." *Collins v. First Fin. Servs., Inc.,* 815 P.2d 411, 413 (Ariz. Ct. App. 1991).

Here, Plaintiff has shown that it had exclusive commercial distribution rights over the Program and, if Defendant had obtained a sublicense to broadcast the program in its establishment with maximum fire code occupancy of 150 persons, the commercial sublicense fee would have been $4,200. (Doc. 19-4 at ¶ 8). Accordingly, Plaintiff has made the required showing, which has not been rebutted by Defendant, and, thus, Plaintiff is entitled to damages on its conversion claim in the amount of $4,200, or the amount it would have been paid had Defendant lawfully paid for the right to show the program.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 19) is granted. The Clerk of the Court shall enter judgment in favor of Plaintiff and against

///
//
/

Defendant in the amount of $18,200.  Plaintiff may move for attorney's fees as provided in the Local Rules of Civil Procedure.

Dated this 27th day of March, 2013.

James A. Teilborg
Senior United States District Judge